_____

No. 95-2133
_____


Jo Ann Sanders,                      *
                                     *
          Appellant,                 *
                                     *
     v.                              *
                                     *
State of Missouri, Department        *
of Social Services, Division of      *
Aging; Beverly Mosnick,              *
Division of Aging,                   *
                                     *
          Defendants,                *
                                     *
Wells Fargo, Inc., a New Jersey      *
Corporation; Tyrone S. Rogers;       *
Jack Van Horne, Kansas City,         *
Missouri Police Department,          *
                                     *
          Appellees,                 *
                                     *  Appeal from the United States
State of Missouri, Department        *  District Court for the
of Mental Health,                    *  Western District of Missouri.
                                     *
          Defendant,                 *       [UNPUBLISHED]
                                     *
Bilus Tate, President of Police      *
Commissioners; Jack Headley,         *
Police Commissioner; John            *
Dillingham, Police Commissioner;     *
Imanuel Cleaver, Police              *
Commissioner; Dona R. Boley,         *
Police Commissioner; J. Malena,      *
Dr.; Duekstein, Dr.; Borg-Warner     *
Automotive Electronics &             *
Mechanical System Corporation,       *
doing business as Wells Fargo        *
Guard Services, Protective           *
Services Corporation, a New          *
Jersey Corporation,                  *
                                     *
          Appellees.                 *

Submitted: January 30, 1996

Filed: January 31, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Jo Ann Sanders appeals from the order of the District Court[1] granting defendants judgment as a matter of law at the close of Sanders's case in chief, in this 42 U.S.C. § 1983 action arising out of Sanders's arrest for trespassing and her subsequent detention. Sanders claimed false arrest and false imprisonment; assault and battery, malicious prosecution, and defamation; a violation of her due process rights; a violation of her "5th" Amendment right to be free from cruel and unusual punishment; and intentional infliction of emotional distress. She named as defendants arresting police officer Jack Van Horn, five members of the Board of Police Commissioners (Board), and medical officer John Malena.[2] We affirm.

Following presentation of Sanders's case in chief to a jury, the District Court granted defendants' motions for judgment as a matter of law. As to Van Horn and the Board, the District Court concluded the following. Sanders's arrest, initiated by a complaint of a security guard, was based on probable cause and Sanders had failed to present any legally sufficient evidence for

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

[2]The District Court granted summary judgment in favor of two security guards and their employer, and dismissed on immunity grounds the Missouri Department of Social Services (DSS) and a DSS employee. Sanders does not challenge those orders.

submission to the jury on the issues of false arrest and false imprisonment.  Sanders's only evidence of assault and battery was that Van Horn pushed Sanders into his patrol car and she twisted and slid across the back seat; Sanders admitted Van Horn did not beat her, and she presented no evidence of any resulting injury. Sanders did not prove malicious prosecution because Van Horn had probable cause to arrest Sanders, and Sanders did not prove Van Horn defamed her.  In addition, no legally sufficient evidentiary basis was established for a reasonable jury to find that Sanders was deprived of her liberty or property by Van Horn, and Sanders did not establish the Board had a custom or policy that caused the alleged deprivation of her constitutional rights.  Finally, Sanders did not establish that she suffered any cruel or unusual punishment at the hands of these defendants, and she presented no evidence that defendants' conduct was extreme or outrageous to support a claim for intentional infliction of emotional distress.

As for claims against medical officer John Malena, the District Court concluded the evidence was legally insufficient for a reasonable jury to find Malena violated Sanders's Eighth Amendment rights.  The evidence showed that every time Malena encountered Sanders, he sought appropriate medical treatment for her.  Moreover, there was no evidence Malena declared Sanders insane or that he had the authority to declare Sanders insane or commit her to the Western Missouri Mental Health facility.

This court reviews de novo a district court's decision to grant judgment as a matter of law, Medtronic, Inc. v. ConvaCare, Inc., 17 F.3d 252, 255 (8th Cir. 1994), and affirms if, viewing the evidence in the light most favorable to the nonmovant and affording the nonmovant all reasonable inferences therefrom, the evidence presented was insufficient to support a jury verdict in the nonmovant's favor. Abbott v. City of Crocker, 30 F.3d 994, 997 (8th Cir. 1994).  Upon our careful review of the record, including the

trial transcript, we conclude the judgment as a matter of law was properly granted.

As for the District Court's exclusion of evidence and certain witnesses, we find no abuse of discretion by the District Court. O'Dell v. Hercules Inc., 904 F.2d 1194, 1200-03 (8th Cir. 1990) (standard of review).

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.